# SUPREME COURT — NEW YORK COUNTY.

## February, 1923.

## THE PEOPLE v. ARTHUR A. BOWEN.

### (120 Misc. 342.)

(1) PRACTICE—FORGERY—WHEN PAPERS OF DEFENDANT SEIZED BY POLICE OFFICER WILL NOT BE ORDERED RETURNED.

Where officers of the law come into possession of that which was used to commit crime they may not be compelled to restore it to him who claims its ownership, although the officers obtained it by illegal means.

Upon the trial of an indictment instruments or papers which were a part of the means by which the defendant accomplished the crime charged against him, though taken from his possession, may be used against him without reference to the manner of the taking.

(2) SAME—INDICTMENT.

An indictment for forgery in the second degree charged the defendant with having been engaged in a scheme whereby he procured signatures to an innocent-looking order for a book, which was so ingeniously printed on one plate that when returned to the defendant from the parties signing the order was converted by him into a printed contract by placing it on another plate so prepared that it fitted into the original order, whereby its signer promised to pay a substantial sum for the book and for an advertisement therein. Upon defendant's arrest by a police officer without a warrant a roll of papers was taken from his pocket and he was held upon a charge of grand larceny. Later the officer who made the arrest upon being admitted into defendant's office by a maid took possession of certain papers which the prosecution contends will establish the crime for which defendant was indicted.

(3) SAME.

Defendant moves to compel the return to him of the papers in question and for a copy of the minutes of the grand jury. *Held*, that the seizure of the papers was not illegal for on the proofs presented they were instrumentalities used by the defendant in the perpetration of a crime and defendant's motions will be denied.

MOTION to compel return of papers.

*Charles D. Newton, Attorney-General (Burton Smith,* of counsel), for plaintiff.

*Frederick B. McNish (William Bell Wait,* of counsel), for defendant.

Borst, J.:

The defendant moves to compel the return to him of certain papers which he charges were illegally taken from his possession. He also moves for a copy of the minutes of the grand jury upon which an indictment was found against him for forgery in the second degree, that he may move to set aside such indictment on the ground that illegal evidence was received on which such indictment was found.

The defendant was arrested by a police officer without a warrant, and a roll of papers taken from his pocket. He was taken to police headquarters where he was held on the charge of grand larceny. Later the officer who made the arrest proceeded to defendant's house and, on being admitted by a maid, passed into his office and took possession of certain papers, which it is contended establishes the crime against the defendant for which he is indicted.

The defendant is not only charged with a serious crime, but one that is particularly obnoxious. If the charge against him is true, he has been engaged in a scheme whereby he procured signatures to an innocent looking order for a book, which was so ingeniously printed on one plate that when returned to the defendant from the party signing the order, was converted by him into a printed contract, by placing it on another plate so prepared that it fitted into the original order, whereby its signer promised to pay a substantial sum for the book and for an advertisement which it contained.

It is provided in amendments (Arts. IV, V) to the Constitution of the United States that the right of the people to be secure in their persons, houses, papers and effects, against

unreasonable searches and seizures, shall not be violated, nor shall any person be compelled in any criminal case to be a witness against himself.   A similar provision against unreasonable search and seizure is found in section 8 of the Civil Rights Law of this state, and that exempting a person in a criminal case from being a witness against himself, is contained in article 1, section 6, of the Constitution of this state.

A novel situation is presented by these motions.   An appeal is made to the court to aid the defendant in escaping punishment by placing in his hands the opportunity for destroying the proofs of his crime, and if he shall receive such proofs and not destroy them, he cannot be compelled to produce them upon his trial, because he cannot be forced to furnish evidence against himself.

The constitutional rights of the defendant may have been violated by the search at the house of the defendant, but for that the officer making the search may be required to answer.   The invasion of the defendant's constitutional rights, however, is entirely separate from the civil right by motion to compel the officers of the law to return to him the fruits of his crime or the proof which may convict him of such crime.   When stolen property shall have passed into the custody of the law and is held for the rightful owner, the thief may not question the right of the officers of the law to hold it or the manner of their acquiring its possession.   So, too, officers of the law coming into the possession of that which is used to commit crime, may not be compelled to restore it to him who claims its ownership, although the officers have obtained it from him by illegal means.

A party may not rightfully have the possession of instrumentalities used for the commission of crime or used in the commission of crime, and since he may not rightfully have the possession of such instrumentalities, he has not the right to require their possession.

In the case under consideration the seizure was not illegal for the reason that the papers seized, on the proofs presented on

this motion, were instrumentalities used by the defendant in the perpetration of the crime with which he is charged. There is such a thing as unreasonable search and this the law does not permit. Against this a man is protected, but when a man stands charged with crime and the instruments are found upon his person or in his house, which were a part of the means by which he accomplished the crime, such instruments or papers are legitimate evidence against him and may be taken from him and used for that purpose. If this be not so, the dagger with which the murderer strikes down his victim could not be taken from his pocket and used against him, for the reason that it belongs to him and is found upon his person. It has always been held that a person in custody on a criminal charge may be subjected to a personal search and examination against his will, in order to discover on him evidence of his criminality. A burglar escaping with the fruits obtained from a burglary may be apprehended by an officer who suspects him of crime, and such officer, although without a warrant, may rightfully take from his person not only the fruits obtained from the commission of the crime, but also the tools with which he committed the burglary.

Papers or articles, fruits of a crime, or which constitute tokens or devices for the commission of crime, are legitimate evidence for the people even though taken from the possession of the alleged criminal and may be used as evidence against him without reference to the manner of their taking. (People v. Adams, 176 N. Y. 351, 192 U. S. 585; State v. Edwards, 51 W. Va. 220, 59 L. R. A. 465.)

This leads to a denial of these motions. Many cases may be found, as well as articles recently appearing in law periodicals, touching upon the questions here considered. It is not necessary, however, for a disposition of these motions, to refer to them, as it seems to me this disposition of the motions is placed upon reasons which must control in this day and age of the world when the genius of the criminals is often of such a nature

as to make the crimes which they commit almost impossible of detection.

The decisions of the United States courts, to which my attention has been directed by defendant's counsel, determining the effect of constitutional provisions referred to, apply only to seizures under federal authority. (Twining v. New Jersey, 211 U. S. 78, 53 L. Ed. 97; Brown v. New Jersey, 175 U. S. 172, 44 L. Ed. 119; Consolidated Rendering Co. v. Vermont, 207 U. S. 541, 52 L. Ed. 327.) These decisions might require the granting of these motions, if the seizure had been made by federal authority or federal officials and was in an action or proceeding pending in a federal court (Weeks v. United States, 232 U. S. 383, 58 L. Ed. 652), but the seizure was made by an officer who derived whatever authority he had from the laws of the State of New York. This application is made to a court of that State and is an appeal to the courts which construe the laws of that State, and the federal decisions, as before noted, do not control. (Twining v. New Jersey, *supra.*) If any of the constitutional provisions referred to, or of the laws of this State, have been violated, the remedy is to punish the wrong-doers, not to secure to a defendant immunity from punishment, by restoring to him the means with which he committed a crime.

A draft order may, therefore, be submitted denying the motions.

Ordered accordingly.