**BORDONARO BROS. THEATRES, Inc., v. LOEW'S, Inc., et al.**

**Civil Action No. 3052.**

District Court, W. D. New York.

July 7, 1947.

See also, D. C., 7 F.R.D. 210.

482

William Gray, Francis T. Anderson, and Edwin P. Rome, all of Philadelphia, Pa., and Hornburg, Andrews & Wade, of Olean, N.Y., for plaintiff.

Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Loew's Inc., and Paramount Pictures, Inc.

Clayton M. Smith, of Buffalo, N. Y., for defendants Warner Bros. Pictures, Inc., Vitagraph, Inc., and Warner Bros. Circuit Management Corporation.

Sidney B. Pfeifer, of Buffalo, N. Y., for defendants Radio-Keith-Orpheum Corporation and RKO Radio Pictures, Inc.

O'Brien, Driscoll & Raftery, of New York City, for defendants United Artists Corporation and Universal Corporation, Universal Pictures Co., Inc., and Universal Film Exchanges, Inc.

Sidney B. Pfeifer, of Buffalo, N. Y., and Dwight, Harris, Koegel & Caskey, of New York City, for Twentieth Century Fox Film Corporation.

KNIGHT, District Judge.

This suit is purported to have been commenced under the provisions of the so-called Sherman Anti-Trust Act, 15 U.S. C.A. §§ 1–7, 15 note, Clayton Act, 15 U.S. C.A. § 12 et seq., and Robinson-Patman Act, 15 U.S.C.A. §§ 13, 13a, 13b, 21a. This is a motion by the defendants, under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. for the inspection and copying or photographing of documents, papers et cetera of the plaintiff. After discussion at the hearing on the motion, there was left for determination only the question of a direction to the plaintiff to permit the defendants to photograph, or micro-film any or all of the documents, papers et cetera submitted for inspection.

 The period involved in respect to the aforesaid violations, as asserted by these defendants, dates from 1930. The attention of this court has been directed to the decisions of several different district courts authorizing the photographing or the micro-filming of all the documents, papers et cetera which were permitted to be inspected. It may not be very material, but attention may be called to the fact that in none of such cases has the authority to photograph covered a period of more than six or seven years. It is fully understood that this rule is to be construed liberally to effectuate its well known purpose. The court must be mindful of this. These defendants rightly are entitled to photograph parts and possibly all of materials, papers et cetera of the plaintiff. The material, papers et cetera of the plaintiff naturally would include items numbering many thousands and an almost innumerable number of items that can have no bearing on the issues. Again, it is not entirely fair to have a photograph of material unnecessary to be used upon the trial of the suit that may be held by the defendants for future reference, comparison or distribution or publication. These defendants are entitled to production and photographing of materials which are relevant to the issue. The defendants have had their accountants examining the records of the plaintiff. The defendants from their knowledge of the business and from such examinations should be able to designate particular portions of the records relevant to the issue which they desire to photograph and, if consent to photograph is not acceded to by the plaintiff, application can be made to this court for an order therefor. No rhyme or reason is seen in photographing of every transaction concerning the sale of every ticket of admission to plaintiff's theatre for a period covering 17 years, or for that matter as to certain other comparable transactions. The court will endeavor to see that defendants procure for photographing what materials, papers et cetera they rightly need for their defense.

The form of an order hereon may be agreed upon between the parties and submitted for signature.