**CALLAWAY v. ROLLAND LABORA-
TORIES, Inc.**

No. 5250.

United States District Court
W. D. Missouri, W. D.

April 18, 1949.

Robert L. Jackson, of Kansas City, Mo.,
for plaintiff.

Sol M. Yarowsky, of Kansas City, Mo.,
for defendant.

REEVES, Chief Judge.

The defendant objects to plaintiff's motion for the production and inspection of documents upon the several grounds, that good cause therefor does not appear; that, "the motion is so vague and indefinite and fails to designate the documents sought with reasonable particularity"; that, "all payroll records of L. E. Stice are requested although this person is not a party to this action"; and that "the information sought is not material," etc.

It is to be noted that this is an action for wages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and it is averred that the defendant was engaged in interstate commerce or the production of goods for interstate commerce within the provisions of said Act. Moreover, the plaintiff has brought his action individually, and as representative of certain designated individuals. All such individuals are named in the body of the complaint, including L. E. Stice. The defendant denies the averments of the complaint, thus putting the case at issue.

1. The plaintiff would be entitled, upon "showing good cause therefor," to have the records of his own employment, and that of the persons named, produced for inspection under said Rule 34. It is provided by paragraph (c) of section 211, Title 29 U.S.C.A., relating to the subject of Labor, that:

"Every employer subject to any provision of sections 201–219 of this title or of any order issued under said section shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he

shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of sections 201–219 of this title or the regulations or orders thereunder."

If, therefore, the defendant is subject to the Fair Labor Standards Act by reason of its commercial operations, the plaintiff, and those for whom he has brought action, would be entitled to have his motion sustained. The statute devolves upon the defendant the duty to keep such records, and, in construing Rule 34, the courts have said that such rule should be liberally construed to effectuate its purposes. Bordonaro Bros. Theatres v. Loew's, Inc., D.C., 7 F.R.D. 481; Rosseau v. Langley, D.C., 7 F.R.D. 170; Midland Steel Products Co. v. Clark Equipment Co., D.C., 7 F.R.D. 132.

2. While it is questionable whether the plaintiff is required to support his motion with an affidavit, yet at the suggestion of counsel for the defendant this has been done.

█ The objection that the motion is too vague is not well taken. In the case of Consolidated Rendering Co. v. Vermont, 207 U.S. 541, 28 S.Ct. 178, 182, 52 L.Ed. 327, 12 Am.Cas. 658, the Supreme Court said, in respect of a similar motion based upon a state law:

"We see no reason why all such books, papers and correspondence which related to the *subject of inquiry,* and were described with reasonable detail, should not be called for and the company directed to produce them. Otherwise the state would be compelled to designate each particular paper which it desired, which presupposes an accurate knowledge of such papers, *which the tribunal desiring the papers would probably rarely, if ever, have.*" (Emphasis mine.)

█ Under all of the authorities, and upon the issues presented, the plaintiff would have the right to inspect and to photograph all of the records called for in his motion relating to all the parties mentioned in his complaint, including that of L. E. Stice, who is named in the complaint.

The objections to the motion should be overruled, and it will be so ordered.