SMITH, Chief Judge.
This petition for certiorari seeks review of an order of the respondent Real Estate Commission suspending petitioner’s broker registration. The order adjudged petitioner guilty of violating Florida Statute 475.25 (l)(a), F.S.A., with respect to six counts of a fifteen-count information. The order found petitioner guilty of -misrepresentation, concealment and dishonest dealings with persons in a confidential relationship with him and suspended his registration to run concurrently on each of the six counts.
Three hearings were held by the Commission — two before the examiner on the merits of the case and one before the Commission upon petitioner’s exceptions to the findings of the examiner and his recommended order of suspension. For purposes of this petition it is not necessary to set out the findings of the examiner in detail nor the facts surrounding the professional misconduct of which petitioner stood accused.
One question posed by petitioner is decisive of all three points he raises; i. e., did the calling of the petitioner to testify as an adverse witness in the administrative hearing which resulted adversely to his privileges under his broker’s license violate his constitutional privilege not to be compelled to be a witness against himself?
The occurrences of which petitioner complains took place during the first hearing held before the examiner. Prior to the *421 taking of any testimony all of the witnesses, including petitioner, were duly sworn. Several witnesses testified and then the petitioner was called by the attorney for the Commission as an adverse witness and the following took place:
Petitioner’s Attorney: “Now on this subject of calling the defendant as a witness, I am not acquainted with your procedures but I think the Constitution condemns such a thing and we do object to it.”
The Examiner: “The objection will be over-ruled.”
Petitioner’s Attorney: “Is it the Court’s ruling that Mr. Hargis is required to answer questions at this time ?”
The Examiner: “Without any further statement from you other than the fact you feel that it violates the constitution, is that your objection?”
Petitioner’s Attorney: “Yes.”
The Examiner: “I am going to rule that Mr. Reese can ask (emphasis supplied) Mr. Hargis the questions he wishes relative to this information filed against him * * *.”
Petitioner’s Attorney: “We object to Mr. Hargis being compelled to testify against himself and the basis of my previous constitutional grounds. * * Mr. Hargis, I hope you will answer slowly so that I may object as this proceeds.”
The petitioner was then questioned relative to various transactions involved in the information against him. None of the questions asked of him was challenged on the ground of tending to incriminate the petitioner.
It is not necessary to delve any further into the proceedings to settle the question presented here. We find- the calling of the petitioner in this administrative hearing as an adverse witness and a ruling by the examiner that he may be asked questions relative to the information filed against him does not per se violate his right not to be compelled to bé a witness against himself within the meaning of Sec. 12, Declaration of Rights, Florida Constitution, F.S.A., which provides:
“No person shall be * * * compelled in any criminal case to be a witness against himself.” [1]
In the case of the criminally accused this is further spelled out by the provisions of Florida Statute 918.09, F.S.A.:
“In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf * * * but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify.”
The above makes it clear that had this petitioner stood “criminally accused” or had this been a “criminal” case the mere permitting of petitioner to be called as an adverse witness would have been violative of petitioner’s constitutional and statutory privilege. Such, however, is not the situation we consider here.
A proceeding before the Real Estate Commission is not criminal in nature. The petitioner was not charged with a crime, but the issue was whether or not his conduct was such that he should not be permitted to engage in the business of a real estate broker. Ahern v. Florida Real Estate Commission ex rel. O’Kelley, Fla.1942, 149 Fla. 706, 6 So.2d 857; Robins v. Florida Real Estate Commission, Fla.App.1964, 162 So.2d 535.
*422 Our holding is that the calling of the petitioner as an adverse witness was not violative of his constitutional rights. This should not be interpreted to in any way contravene the privilege every witness has to refuse to answer a question which would incriminate him or result in a penalty or forfeiture. This privilege can be waived, however, by the giving of voluntary testimony, the failing to assert the privilege or the taking of the witness stand by a defendant in his own behalf. Varón, Searches, Seizures and Immunities, p. 472. Other than ruling that the petitioner could be asked questions as an adverse witness the examiner was never placed in the position of compelling any incriminating answers-since neither the witness nor his counsel raised the objection as to any question. Thus the petitioner waived the privilege by failing to assert it. The objection to testifying must be taken by the witness on his oath after the question has been asked. Consolidated Rendering Co. v. State of Vermont, 1908, 207 U.S. 541, 28 S.Ct. 178, 52 L.Ed. 327; Jones on Evidence, 4th Ed. § 860, p. 1614. The Court, not the witness decides whether or not a question may tend to incriminate. Ex Parte Senior, Fla.1896, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133. A witness who is compelled to testify has no occasion, and it would be irrelevant for him, to invoke the privilege against self-incrimination until the testimony sought to be elicited will in fact tend to incriminate. Brown v. United States, 1958, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589; Ullmann v. United States, 1956, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511.
Petitioner, in support of his position that he could not constitutionally be called as an adverse witness, relies on a series of cases holding that an administrative hearing relative to a professional license may be one resulting in a penalty or forfeiture within the meaning of the criminal immunity statute, Florida Statute 932.29, F.S.A. We agree with the penalty or forfeiture part of his contention but not to the extent that these cases are authority for the proposition that such 'a hearing is criminal” m the sense that the petitioner had the right of the criminally accused not to testify at all to anything.
We find petitioner’s constitutional rights were not abridged by the respondent agency and that the record reveals competent, substantial evidence to support the order sought to be reviewed.
Certiorari denied.
ALLEN and WHITE, JJ., concur.

. The Florida provision is verbatim with the 5th Amendment to the United States Constitution.