PER CURIAM.
Patchett seeks review of a non-final order of an administrative hearing officer that de *320 nied his motion for a protective order. Section 120.68(1), Fla.Stat. (1991), provides for immediate judicial review of an order of a hearing officer “if review of the final agency decision would not provide an adequate remedy.” Because the instant record is inadequate at this stage to permit us to determine whether or not Patchett might be entitled to the specific relief sought, we must affirm the challenged order.
The proceedings below were initiated upon the filing of a complaint with the Florida Commission on Ethics (“Commission”) alleging that Patchett, a former Florida legislator, had violated § 112.313(4), Florida Statutes (1987), which deals with a public officer’s receiving unauthorized compensation. After entry of a probable-cause order finding a violation of § 112.313(4), the Commission gave notice of intent to take Patehett’s deposition “for the purpose of discovery, for use at public hearing, or for such other purposes as are permitted under the applicable statutes or rules of court.” Patchett immediately sought a protective order to preclude the taking of the deposition. In support of his motion, Patchett argued that 1) prosecutions for violation of Chapter 112, Part III (Code of Ethics for Public Officers and Employees), are penal in nature, see § 112.317 (penalties), and 2) his right to assert a constitutional privilege against self-incrimination was justified under State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla.1973) (statutory requirement of a verified response from a broker charged with licensing law violations, under threat of license revocation or suspension, impermissibly compelled him to be a witness against himself).
Having carefully reviewed the detailed arguments of counsel and the decisional law interpreting at what stage, and under what circumstances, a party may exercise the constitutional privilege against self-incrimination, we are convinced that the record is inadequate at this point to permit us to decide the issue on its merits. Patchett has not appeared for a deposition and, obviously, no questions have been asked yet. Even if we assume that Patchett is entitled to claim the privilege as he contends, we cannot possibly divine now whether any questions that might be asked at the deposition would be such as to permit him to assert the privilege. Moreover, we can only speculate as to whether, assuming Patchett were to rely on the privilege in response to certain questions, the Commission would elect to pursue the matter by seeking the relief provided in § 120.68(3), Fla.Stat. (party may seek enforcement of order directing discovery by filing petition in circuit court). It would be sheer guesswork to assume further that the circuit court would necessarily compel answers by Patch-ett, in the face of a claim of a fifth amendment privilege.
Because we are convinced that a decision on the merits would be premature, if not impossible, given the record now before us, we affirm the order denying Patchett’s motion for a protective order. Our holding is without prejudice to Patchett’s right to seek relief again after a proper record has been created. To create such an adequate record, Patchett should appear for his deposition and refuse to answer any questions that he believes to be protected, asserting his privilege. We would note that Patchett has no obligation to answer until and unless the Commission seeks and obtains from the circuit court an order compelling him to do so. Once such an order were entered, Patchett could renew his request for review in this court.
To hold otherwise would suggest to litigants in administrative proceedings that they have a right to immediate review of any and all orders implicating discovery. Appellate counsel has not provided, nor have we found, legal authority warranting the blanket, comprehensive, and anticipatory protection sought here now. Hargis v. Florida Real Estate Commission, 174 So.2d 419 (Fla. 2d DCA 1965) (objection to testifying must be taken by witness on his oath after the question has been asked, and the court rather than the witness decides whether or not a question may tend to incriminate).
AFFIRMED.
MINER, WEBSTER and MICKLE, JJ., concur.