Then, after referring to the decision in Gelston v. Hoyt, 3 Wheat. 246, 4 L.Ed. 381, the Court, 116 U.S. at page 444, 6 S.Ct. at page 441, 29 L.Ed. 684 said: "This doctrine is peculiarly applicable to a case like the present, where, in both proceedings, criminal and civil, the United States is the party on one side and this claimant the party on the other."

Inasmuch as the claimant was not a party to the criminal proceeding, we are of the opinion that Coffey v. United States is not controlling and that the United States is entitled to have the issue as to whether the automobile in question was being operated by Hobgood in violation of statute litigated in this proceeding. Compare Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with Section 3450 of the Revised Statutes.

Before PARKER and NORTHCOTT, Circuit Judges, and WYCHE, District Judge.

PER CURIAM.

Motion is made to dismiss this appeal on the ground that it raises no substantial question for consideration by the court and is therefore wholly lacking in merit. We have examined the record and are satisfied that the motion is well grounded. The appeal will accordingly be dismissed.

Appeal dismissed.

## UNITED STATES v. GOLDSTEIN.

### No. 380.

Circuit Court of Appeals, Second Circuit.

June 26, 1939.

## DAKIN v. UNITED STATES.

### No. 4510.

Circuit Court of Appeals, Fourth Circuit.

June 30, 1939.

L. P. Summers, of Abingdon, Va., for appellant.

Howard C. Gilmer, Jr., Asst. U. S. Atty., of Pulaski, Va.