## COLUMBIA GAS & ELECTRIC CORPORATION v. UNITED STATES et al.
### (three cases).
### Nos. 9775-9777.

Circuit Court of Appeals, Sixth Circuit.

Jan. 21, 1946.

For former opinion, see 151 F.2d 461.

Floyd C. Williams, of Cincinnati, Ohio, and William D. Whitney, of New York City (Floyd C. Williams, Frank W. Cottle, Peck, Shaffer & Williams, and Ernst, Cassatt & Cottle, all of Cincinnati, Ohio, and Cravath, Swaine & Moore, of New York City, on the brief), for appellant.

Paul Williams, of Washington, D. C., Arthur G. Logan, of Wilmington, Del., and Roger S. Foster, of Philadelphia, Pa., for appellees.

Arthur G. Logan, of Wilmington, Del., Robert J. Bulkley, of Cleveland, Ohio, Richard B. Hand, of New York City, and W. E. Darragh, of Lexington, Ky., on the brief, for Russell Van Horn et al., as Committee for Bondholders of Inland Gas Corporation.

Baker, Obermeier, Rosner & Rosenson and Oscar S. Rosner, all of New York City, on the brief, for appellees Green Committee and Morris Green.

Roger S. Foster, Theodore L. Thau, and David Ferber, all of Philadelphia, Pa., and Charles J. Odenweller, Jr., of Cleveland, Ohio, on the brief, for Securities and Exchange Commission.

Wendell Berge and Paul Williams, both of Washington, D. C., and Claude P. Stephens, of Lexington, Ky., on the brief, for the United States.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

PER CURIAM.

The appellant, in each of the above causes, petitions for rehearing and for modification of the order of the court entered November 26, 1945, 151 F.2d 461, whereby the direction for mandate in the final paragraph of the opinion rendered October 9, 1945, was amended to require that the decree be limited in remedy to the subordination of Columbia claims to the claims of creditors of every class.

The petition is based upon the following grounds: (1) That the procedure adopted by the court in its original opinion, whereby the claims of Columbia were subordinated class by class to those of others in the several classes, had received express endorsement from the Supreme Court in Prudence Realization Corp. v. Geist, 316 U.S. 89, 62 S.Ct. 978, 86 L.Ed. 1293; (2) That the revised direction for mandate will result in petitioner receiving nothing for its claims, and that this would amount to a forfeiture not in accord with the doctrine of Hartford Empire Co. v. United States, 323 U.S. 386, 65 S.Ct. 373.

We have given careful consideration to the petition and the argument for modification contained therein. (1) We have noted the observation in Prudence Realization Corp. v. Geist, supra, wherein the Supreme Court, in referring to the Court of Appeals decision therein said [316 U.S. 89, 62 S.Ct. 981]: "It recognized also that the equity powers of the bankruptcy court may be exerted to subordinate the claims of one claimant to those of others of the same class where his conduct in acquiring or asserting his claim is contrary to established equitable principles." Putting aside the question whether the recited observation bore upon decision, in view of the specific

facts of the Prudence case, we find ourselves unable to construe it as a limitation upon the equity powers of the court to subordinate claims acquired in pursuit of illegal or inequitable conduct to those of creditors of a single class where it has been made clear, as in the present case, that the inevitable result of established illegal or inequitable conduct has irrevocably impaired the interests of creditors of every class, however difficult it may be at a later date to measure such impairment.

(2) The distinction between the Columbia status here disclosed, and the rights of patent owners to the unexpired monopoly of their grants as against future infringers, has been fully covered in the opinion of the court and requires no further exposition.

It is ordered that the petition for rehearing be received, filed and considered, and so considered the prayer of the petition for modification of the direction for mandate is

Denied.