### SECURITIES AND EXCHANGE COMMISSION v. VACUUM CAN CO. et al.

#### No. 9144.

Circuit Court of Appeals, Seventh Circuit.

Sept. 16, 1946.

Everett Jennings and Daniel L. Madden, both of Chicago, Ill., for appellants.

Thomas B. Hart, Robert T. Wright, and Lee Soltow, all of Chicago, Ill., and Roger

---

S. Foster, Sol., of Philadelphia, Pa., for the Securities and Exchange Commission.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an appeal from an order entered by the District Court pursuant to Section 22(b) of the Securities Act of 1933, 15 U.S.C.A. § 77v(b) and Section 21(c) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u(c). The order directed the appellants to produce certain books and records of the appellant, Vacuum Can Company.

On October 12, 1945 the Commission, by order, instituted an investigation to determine whether one Marie Mayer had violated anti-fraud sections of the Federal securities laws by selling stock of the appellant, Vacuum Can Company, in interstate commerce by means of misrepresentations and fraudulent concealment of material facts. The order stated that information reported to the Commission, if true, tended to show that Mayer in selling stock of Vacuum Can Company at $90 per share falsely represented that Vacuum Can Company was about to split its stock and pay a $10 dividend on the new shares and also failed to disclose that such stock had been purchased for $10 per share only six days before the sale.

In this and in a supplemental order, the Commission empowered its officers to administer oaths, subpoena witnesses, take evidence, and require the production of any books, papers, or other records deemed relevant or material to the inquiry. These investigative orders of the Commission followed a complaint to the Commission by one Orris J. Pothast, and in an interview with him by a Commission attorney, Pothast stated that Marie Mayer sold him 50 shares of Vacuum Can Company stock at $90 per share; that he was induced to make the purchase by her statements that she held $70,000 of stock in Vacuum Can Company, that, as appellant Smith, president of Vac-

uum Can Company, had informed her, the stock would soon be split on the basis of 10 new shares for one old share and a dividend of $10 would be paid on each new share, and that the stock was closely held and practically impossible to obtain. Pothast further stated that he later ascertained from appellant Smith that the corporation had no such plans regarding splitting of the stock, or payment of a dividend thereon.

In order to determine whether violations had occurred, it was important to ascertain whether or not Mayer's representations were true or false. Mayer refused to testify before the Commission concerning her transactions with Pothast. The Commission deemed it necessary to examine the records of the Vacuum Can Company. Pursuant to the investigative orders, an officer of the Commission directed subpoenas duces tecum to appellants, requiring them to appear and produce certain books and records of Vacuum Can Company covering the period from July 1, 1942, to the date of the subpoenas, its stock certificate book including stubs and cancelled stock certificates, stock ledgers, and correspondence between the company and 11 named persons. Appellants produced the correspondence, but refused to produce the stock certificate book and ledgers described in the subpoenas. Instead, they offered to produce only those portions thereof which specifically referred to Mayer, Pothast, and the other persons named in the subpoenas on the ground that the other parts of these records were not relevant to the Commission's investigation.

The Commission applied to the District Court for enforcement of the subpoenas with respect to the stock certificate book and ledgers. The District Court granted the Commission's application and on June 14, 1946, entered the order appealed from.

Under Rule 7 of this Court, the rules of the Supreme Court of the United States, whenever applicable, are followed by this Court. Rule 7(4) [1] of the Supreme Court,

---

[1] "Rule 7(4). The court will receive a motion to affirm on the ground that it is manifest that the appeal was taken for delay only, or that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. * * * A motion to affirm may be united in the alternative with a motion to dismiss."

28 U.S.C.A. following section 354, provides for dismissal of appeals taken for delay. We think the facts in this appeal call for the application of the Rule.

The recent decision of the United States Supreme Court in the case of Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 208, 66 S.Ct. 494, 505, is controlling here. Discussing the precise question before us, the Supreme Court said:

"Without attempt to summarize or accurately distinguish all the cases, the fair distillation, in so far as they apply merely to the production of corporate records and papers in response to a subpoena or order authorized by law and safeguarded by judicial sanction, seems to be that the Fifth Amendment affords no protection by virtue of the self-incrimination provision, whether for the corporation or for its officers; and the Fourth, if applicable, at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described,' if also the inquiry is one the demanding agency is authorized by law to make and the materials specified are relevant. The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable."

■ The purpose of the subpoena is to discover evidence, not to prove a pending charge, but upon which to make one if the discovered evidence so justifies. It is sufficient that the investigation be for a lawfully authorized purpose. Oklahoma Press Publishing Co. v. Walling, supra; Endicott Johnson Corporation v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424. The investigation here was one authorized by law, and the evidence sought to be produced was material and relevant to the investigation. Under such circumstances, the Supreme Court has directly rejected appellants' contentions.

Moreover, this Court has recently had occasion to apply and follow the rule announced by the Supreme Court. In the case of United States v. Cream Products Distributing Co., 7 Cir., 156 F.2d 732 an agent of the War Food Administrator issued a subpoena duces tecum directed to the appellant company to produce certain records relative to the manufacture, sale and distribution of dairy products. The company appealed on the ground that the subpoena was invalid. We affirmed the action of the Administrator and held, in part (156 F.2d at page 735):

"* * * since this is an investigation, the petition need not charge that appellants had violated any statute, rule or regulation. It is enough that the investigation be for a lawfully authorized purpose, within the power of Congress to command (cases cited)."

■ Appellants further contend that the enforcement of the subpoenas would constitute an unreasonable search and seizure in violation of the Fourth Amendment. We do not agree. The Supreme Court has refuted such an argument in the Oklahoma Press Publishing Co. case, supra at page 205 of 327 U.S., at page 503 of 66 S.Ct.: in the following language:

"* * * it has been settled that corporations are not entitled to all of the constitutional protections which private individuals have in these and related matters. * * *"

And on page 210 of 327 U.S., on page 506 of 66 S.Ct.: of the same opinion:

"* * * The only records or documents sought were corporate ones. No possible element of self-incrimination was therefore presented or in fact claimed. All the records sought were relevant to the authorized inquiry, * * *."

We have taken a similar view in the Cream Products Distributing Co. case, supra, where the Court said, 156 F.2d on page 736:

"* * * Immunity from prosecution or punishment does not extend to corporations and their records, and an officer of the corporation cannot refuse to produce its records in his possession upon the plea that they will either incriminate him or may incriminate it. (cases cited.)"

■ The appeal is so clearly without merit that we think it apparent that it was taken for delay only and calls for the application of the rule. The bar should understand now that unsubstantial and merit-

less appeals will be promptly dismissed, and in this cause it is so ordered—

Dismissed.

SPARKS, Circuit Judge, concurs in the result.