In the Matter of INLAND GAS CORPO-
RATION, Debtor,
Kentucky Fuel Gas Corporation,
Debtor,
American Fuel & Power Company, Debtor.

No. 12381.

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1954.

Robert S. Spilman, Charleston, W. Va., Thomas S. Dawson, Louisville, Ky., for appellants.

Selden S. McNeer, Huntington, W. Va., for Ben Williamson, Trustee.

John L. Davis, Lexington, Ky., for C. M. Harbison, trustee.

Milbank, Tweed & Hope, New York City, for Vanston Committee.

Oscar S. Rosner, New York City, for Green Committee.

Carlos L. Israels, New York City, for Paul E. Kern.

Wilkie, Owen, Farr, Gallagher & Walton, New York City, for Kentucky Fuel Gas Corp.

C. J. Odenweller, Cleveland, Ohio, for Securities and Exchange Commission.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

A joint petition by common stockholders of American Fuel & Power Company for modification of a confirmed plan of reorganization was submitted to the District Judge having charge of reorganization of the Debtors. Its purpose was to obtain for the petitioners an option to purchase the stock of the reorganized corporation appropriated to the payment of the secured creditors of the American Fuel & Power Company, the petitioners conceiving that successful operation by the trustee had substantially increased the value of Inland's assets over that originally determined by the District Court. After full hearing, wherein the petition was opposed by committees representing the security holders of the debtors, the trustee of Inland and Kentucky Fuel, and disapproved by the Securities and Exchange Commission, the District Court, finding no merit in the effort of American's common stockholders to capture any residual equity that may exist in Inland's assets, so long as creditors are unsatisfied, entered an order, on the 7th day of September, 1954, dismissing the joint petition, Whereupon, the petitioners appealed.

On November 16, 1954, the Green Committee, acting for the note-holders of American, moved this court to docket the appeal and to dismiss it as frivolous, a sham, and without merit, or, in the alternative, to advance the cause to an early date for argument, with or without briefs. All of the objectors below have filed memoranda in support of the motion to docket and dismiss, which we have carefully reviewed.

In the Matter of Inland Gas Corporation, 6 Cir., 211 F.2d 381, we gave approval to the amended plan of reorganization adopted by the District Court. We cited the long history of the proceedings, the numerous appeals reviewed by us and held that "in so far as the percentage assigned to American is not now needed for complete liquidation of its secured obligations, it is now available to Kentucky bondholders." Throughout our many opinions, it has been made clear that the subordination of the Columbia claims was for the benefit of the security-holders of American Fuel and Kentucky Fuel, and that until the debts to both were satisfied, there was no occasion to consider any stockholder interest in either. We declined also to direct a new evaluation of Inland assets. We see nothing to be gained except delay in further hearing or argument. The issue is clear. The appeal is without merit and it is hereby

Dismissed.