In the Matter of **INLAND GAS CORPO-RATION, Kentucky Fuel Gas Corporation, American Fuel & Power Company, Debtors.**

Nos. 13657–13663.

United States Court of Appeals
Sixth Circuit.

Decided Jan. 15, 1959.

John L. Davis, Lexington, Ky., Edward S. Pinney, Oscar S. Rosner, New York City, and Selden S. McNeer, Huntington, W. Va., for appellants.

David Ferber, Washington, D. C., Kenneth J. Bialkin, George Zolotar, George W. Jaques, New York City, and Robert S. Spilman, Jr., Charleston, W. Va., for appellees.

Oscar S. Rosner, New York City, on the brief, for Independent Committee for American Fuel Noteholders.

Edward S. Pinney, New York City, on the brief, for Columbia Gas System, Inc.

George W. Jaques, New York City, on the brief, for Vanston Committee.

George Zolotar, New York City, and Leo T. Wolford, Louisville, Ky., on the brief, for Paul E. Kern.

John L. Davis, Lexington, Ky., on the brief, for Clinton M. Harbison, Trustee.

Selden S. McNeer and Robert K. Emerson, Huntington, W. Va., on the brief, for Ben Williamson, Jr., Trustee of Inland Gas Corp., and Kentucky Fuel Gas Corp.

Robert S. Spilman, Jr., Charleston, W. Va., on the brief, for Allen Committee and Edward D. Spilman.

Walter H. Brown, Jr., Kenneth Bialkin, New York City, and John L. Smith, Catlettsburg, Ky., on the brief, for Committee Holders of Kentucky Fuel Gas Corp. Debentures.

Thomas G. Meeker, Gen. Counsel, David Ferber, Asst. Gen. Counsel, and Pace Reich, Atty., Washington, D. C., J. Kirk Windle, Atty., Chicago, Ill., Charles J. Odenweller, Jr., Cleveland, Ohio, on the brief, for Securities and Exchange Commission.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

These cases have been heard on motions of the trustee of American Fuel & Power Company [supported by the Columbia Gas Systems, Inc., the Green Committee for Independent American Fuel Note Holders, and the trustees of the debtors, Inland Gas Corporation and Kentucky Fuel Gas Corporation] to dismiss the appeals in these seven cases, which were heard together, and on the opposition of the Securities and Exchange Commission and the several parties joining it in opposition to the dismissal of the appeals. This opposition, of course, involves opposition to the plan adopted in the district court and to its confirmation.

This appellate court has heard oral arguments of four attorneys in favor of the motions to dismiss and those of five attorneys opposing the dismissals. There have been considered also some twenty briefs filed by the attorneys for and against the motions.

The full history of this long-drawn-out litigation is disclosed by the numerous opinions of this court: In re American Fuel & Power Co., 6 Cir., 122 F.2d 223; Columbia Gas & Electric Corporation v. United States, 6 Cir., 151 F.2d 461; In re American Fuel & Power Co., 6 Cir., 151 F.2d 470, affirmed by the Supreme Court, sub nom. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; Columbia Gas & Electric Corporation v. United States, 6 Cir., 153 F.2d 101; In re Inland Gas Corporation, 6 Cir., 187 F.2d 813; In re Inland Gas Corporation, 6 Cir., 208 F.2d 13; In re Inland Gas Corporation (Harbison v. Williamson; Vanston v. Williamson; Kern v. Williamson; Green v. Vanston); 6 Cir., 211 F.2d 381, certiorari denied, sub nom. Kern v. Williamson, 348 U.S. 840, 75 S.Ct. 45, 99 L.Ed. 662; In re Inland Gas Corporation, 6 Cir., 217 F.2d 207; In re Inland Gas Corporation, 6 Cir., 241 F.2d 374, certiorari denied 1957, 355 U.S. 838, 78 S.Ct. 60, 2 L.Ed.2d 50.

Upon the last remand to the United States District Court, District Judge Ford had a full hearing with all interested parties appearing by counsel to consider whether a proposed plan, presented by the trustees of the several debtor corporations involved, is fair, equitable and feasible. Upon conclusion of the hearing, the district court entered an order finding the plan fair, equitable and feasible.

On June 2, 1958, the United States District Court entered an order confirming the plan of reorganization and overruling all objections to the plan and to its confirmation. It is obvious that the district judge attempted to the best of his ability and understanding—and we think successfully—to apply the principles stated in our last opinion [241 F.2d 374] and to put into full effect the mandate of this court. The evaluation which he put on the properties in issue was supported by substantial evidence and it cannot be said that his decision to follow the evaluation which he adopted upon expert testimony, rather than that of the Securities and Exchange Commission, was clearly erroneous. On the contrary, we find that the district judge exercised sound discretion in adopting the evaluation which he did, upon the basis of the expert evidence before him.

We are of opinion, further, that Judge Ford appropriately applied the adjudication of this court in 241 F.2d 374, with respect to post-bankruptcy interest and all other issues before him. Motions to dismiss are appropriate in the circumstances. Long Beach Dock & Terminal Co. v. Pacific Dock & Terminal Co., 9 Cir., 98 F.2d 833, 835, certiorari denied 305 U.S. 659, 59 S.Ct. 361, 83 L.Ed. 427; Securities and Exchange Commission v. Vacuum Can Co., 7 Cir., 157 F.2d 530, 532, certiorari denied 330 U.S. 820, 67 S.Ct. 770, 91 L.Ed. 1271.

The appeals are dismissed; and the judgment of the district court confirming the plan of reorganization is affirmed.