Paul GINSBURG, Plaintiff-Appellant,

v.

AMERICAN BAR ASSOCIATION, an Unincorporated Association, Joseph D. Stecher, George B. Christensen, Thomas A. Reynolds, James D. Head, and Winston, Strawn, Smith & Patterson, a Partnership, Defendants-Appellees.

No. 12914.

United States Court of Appeals Seventh Circuit.

May 6, 1960.

Rehearing Denied May 31, 1960.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Sheldon Karon, Floyd E. Thompson, Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for American Bar Assn. and Joseph D. Stecher.

R. Lawrence Storms, George B. Christensen, Chicago, Ill., for Christensen and others, Winston, Strawn, Smith & Patterson, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

PER CURIAM.

This action was instituted in the district court by plaintiff-appellant, Paul Ginsburg, a practicing lawyer of Pittsburgh, Pennsylvania. Plaintiff seeks to recover damages in excess of $1,000,000 charged to have resulted from an alleged combination and conspiracy among the defendants to destroy his good name and professional standing.

Following an amendment to the complaint, we find the defendants to be the American Bar Association, a voluntary unincorporated association with its principal office in Chicago, Illinois; Joseph D. Stecher, the executive director of the American Bar Association; George B. Christensen, Thomas A. Reynolds, and James D. Head, three Illinois lawyers; and the partnership of Winston, Strawn, Smith & Patterson, a Chicago law firm.

The district court sustained a motion to quash the service of summons upon defendant partnership, Winston, Strawn, Smith & Patterson, and granted various motions by all other defendants to dismiss the complaint. Plaintiff's motion for reconsideration was denied. This appeal followed.

Shortly after the original complaint was filed, plaintiff served Notice of Taking Depositions. Defendant George B. Christensen, *pro se*, filed a Motion for Protective Order under Rule 30, Federal Rules of Civil Procedure, 28 U.S.C.A., setting out therein a statement of ten years of unsuccessful litigation in various courts on the part of plaintiff against certain of the instant defendants and others. The protective order was granted.

Plaintiff charges numerous errors relating to the various rulings and orders of the trial court leading up to and culminating in the dismissal of the action. We have carefully reviewed these asserted grounds for reversal.

After plaintiff's brief was filed in this appeal, certain of the defendants-appellees filed their motion for affirmance of the various rulings and orders appealed from in this cause, or in the alternative,

to dismiss this appeal. Plaintiff answered this motion, and we ordered that the motion be continued and taken with the case on the merits.

We have given full consideration to the record, the motion for affirmance, and the briefs and oral argument and have fully considered all of the issues raised therein. We are satisfied that this appeal raises no substantial question for consideration by this court and that it is wholly lacking in merit. We are of the opinion that the proper procedure in this case is to affirm the orders of the district court appealed from herein. See, Waddell v. Chicago Land Clearance Commission, 7 Cir., 1953, 206 F.2d 748; Securities and Exchange Comm. v. Vacuum Can Co., 7 Cir., 1946, 157 F.2d 530; Dakin v. United States, 4 Cir., 1939, 105 F.2d 150; Brown v. Carver, 2 Cir., 1930, 45 F.2d 673; Robertson v. Wilkinson, 5 Cir., 1925, 10 F.2d 311.

The rulings and orders appealed from are

Affirmed.