**Fehr KREMER, Appellant,**

v.

**Oldham CLARKE, Trustee, and William B. Jones, U. S. District Attorney, Appellees.**

**No. 14421.**

United States Court of Appeals Sixth Circuit.

Dec. 12, 1960.

Fehr Kremer in pro. per., for appellant.

Oldham Clarke, S. L. Greenebaum, Wm. B. Jones, U. S. Atty., Louisville, Ky., Charles K. Rice, Asst. Atty. Gen., for appellees.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

Order Denying Leave to Appeal in Forma Pauperis; Order Docketing and Dismissing Appeal.

Two matters are before this court, which will be disposed of together. The first is a motion of Fehr Kremer for leave to process an appeal to this court in forma pauperis. The second is a motion of Oldham Clarke, Trustee, and Frank Fehr Brewing Company, to docket and dismiss, as frivolous and without merit, the appeal of Fehr Kremer.

These matters arise out of proceedings had in the United States District Court for the Western District of Kentucky involving the corporate reorganization of the Frank Fehr Brewing Company under the provisions of Chapter X of the Bankruptcy Act (Sec. 501 et seq., Title 11 U.S.C.A.). Fehr Kremer owned a substantial number of the shares of the common stock of that corporation which, by the order of the District Court, entered March 17, 1959, was found and adjudicated to be of no value. Fehr Kremer was a party to the proceedings which resulted in the foregoing order, resisted the entry thereof, and was a party to an appeal taken to this court. This court, by its decision rendered on June 16, 1959, affirmed the order of confirmation. In re Frank Fehr Brewing Company, 6 Cir., 268 F.2d 170.

On April 25, 1960, the Supreme Court of the United States denied Fehr Kremer's petition for certiorari, 362 U.S. 963, 80 S.Ct. 880, 4 L.Ed.2d 878. On June 6, 1960, Kremer's petition for rehearing was denied, 363 U.S. 817, 80 S. Ct. 1250, 4 L.Ed.2d 1157. Thereafter, Oldham Clarke, Trustee of Frank Fehr Brewing Company in said reorganization proceedings, filed his final report as such trustee, with petition for final decree. Fehr Kremer, petitioner here, filed objections to the entry of final decree and to the application of the United States Attorney for an order releasing to the United States Government funds in the hands of the trustee, to the extent of the claim of the United States against said brewing company for tax liability in the amount of $156,697.13.

The validity of the tax claim of the United States has been the subject of litigation and on January 15, 1960, this court affirmed a district court's judgment holding valid the Government's tax claim in the aforesaid amount. Clarke et al. v. United States, 6 Cir., 274 F.2d 824. The judgment thus affirmed is reported as In re Frank Fehr Brewing Company, D.C., 160 F.Supp. 631.

The objections of Fehr Kremer, petitioner herein, to the entry of final decree and to the proposed order for release of the aforesaid funds to the Government, attacked the validity of the original appointment of Oldham Clarke as trustee, which appointment was made on August 14, 1957. These objections consisted of a great number of miscellaneous charges involving the qualifications of Clarke to serve as trustee and charged him with numerous alleged acts of misfeasance, fraud and dereliction during the course of his administration

of the trust. The matters involved in the petition of the trustee for approval of his final report and for final decree, the motion of the United States for an order directing distribution to it of the amount of its tax claim, and the aforesaid objections of Fehr Kremer came on for hearing before District Judge Roy M. Shelbourne. On September 6, 1960, a final decree winding up the trusteeship was entered, together with an order releasing the funds in payment of the Government's tax claim. Fehr Kremer, appearing in propria persona, has filed notice of appeal to this court from the aforesaid final decree and order.

■ This court has reviewed the proceedings had in the district court from which it appears that matters asserted by Fehr Kremer in opposition to the final decree and order of distribution to the Government were such as could have, and should have, been raised in the various proceedings which resulted in the order confirming the plan of reorganization, and the decisions of this court reported as In re Frank Fehr Brewing Company, 6 Cir., 268 F.2d 170 and Clarke v. United States, 6 Cir., 274 F.2d 824 are res judicata of all matters constituting said petitioner's objections to the aforesaid final decree and order of distribution. It appears to this court that the present appeal is frivolous and without merit.

■ The granting of leave to appeal in forma pauperis is discretionary, Loum v. Underwood, 6 Cir., 262 F.2d 866; and should not be granted if the appeal would be dismissed regardless of the pauperous condition of the appellant, Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060. We are likewise of the opinion that where an appeal presents issues that have been previously adjudicated by an appellate court, such appeal should be dismissed, In re Inland Gas Corp., 6 Cir., 217 F.2d 207.

It is, accordingly, ordered (1) that the motion of Fehr Kremer for leave to appeal in forma pauperis is hereby denied; and (2) the motion of Oldham Clarke, Trustee, and Frank Fehr Brewing Company to docket and dismiss the appeal of the said Fehr Kremer is hereby granted, and the aforesaid appeal of Fehr Kremer is docketed and dismissed.