Clifton E. SMITH, Appellant,

v.

UNITED STATES of America.

No. 15336.

United States Court of Appeals
Third Circuit.

Argued Dec. 2, 1965.

Decided March 22, 1966.

Daniel B. Pierson, V, Philadelphia, Pa., for appellant.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa. (Bernard J. Brown, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before HASTIE, GANEY and FREEDMAN, Circuit Judges.

GANEY, Circuit Judge.

This is an appeal from an order of the United States District Court for the Middle District of Pennsylvania, which denied a motion of the appellant made under Section 2255, Title 28 United States Code, to vacate the conviction and sentence he was then serving. On January 28, 1964, the appellant was indicted by the grand jury in the Middle District of Pennsylvania, on a single count indictment which charged him with interstate transportation of a stolen motor vehicle, in violation of Title 18 United States Code, Section 2312.

The appellant was arraigned on February 10, 1964, at which time the court appointed Sebastian D. Natale as his attorney, and a plea of not guilty was entered.

The defendant, represented by counsel, went to trial and on February 18, 1964, he was found guilty. He was sentenced to the custody of the Attorney General for a period of four years, the sentence he is now serving.

On February 24, 1964, the appellant submitted a petition which the court construed as a motion for a new trial since it was submitted within five days after the verdict had been returned, since February 23 was a Sunday. The court, reviewing the record, denied the motion for a new trial, as well as the petition in forma pauperis, since, as it pointed out in an order entered on April 27, 1964, the content of the motion for a new trial was utterly frivolous in nature and the petition in forma pauperis, likewise, was without merit and not taken in good faith and no substantial question was presented. The reason alleged, in what the court treated as a motion for a new trial, was that the Government's witness who

testified against him about the stolen car taken from Baltimore, Maryland, to Mechanicsburg, Pennsylvania, in violation of Title 18 United States Code, Section 2312, told a fabrication of lies and that the testimony of other witnesses was perjured, and, additionally, that the court erred in permitting the Government to inquire into appellant's previous record of convictions of felonies after he had taken the witness stand.

Appellant then filed a petition with the District Court which considered it as a motion for vacation of the judgment of conviction under Title 28 United States Code, Section 2255. This motion contained the same contentions as were averred in what the court treated as a motion for a new trial, to wit, that the Government witnesses were not telling the truth and were lying and that the court erred in admitting evidence of his prior convictions.

The court dismissed the petition and entered an order denying the same and this appeal is taken from the denial of that order.

■ A careful scrutiny of the record shows that the appellant was properly convicted. His sole defense was that the Government witnesses who testified against him were "lying" when, as a matter of fact, it is disclosed that, if there was anyone not telling the truth, it was the appellant. The motion does not disclose what portion of the testimony was false, nor does it allege any facts to show the Government knowingly used false testimony at the trial, which are matters of substance and their absence constitutes a fatal defect to this appeal. Holt v. United States, 8 Cir., 303 F.2d 791; Taylor v. United States, 9 Cir., 221 F.2d 228; Kremer v. Clarke, 6 Cir., 285 F.2d 735. Accordingly, on this score, the appellant's contention is wholly without merit.

The second point which he makes is that the court erred in admitting testimony by him of his prior convictions for felonies, which questions were asked of him by the United States Attorney and which he freely answered by admitting the same.

■■ It is well-settled and needs no repetition here, that when a defendant in a criminal case takes the stand in his own defense, he waives immunity from cross-examination and, like any other witness, he is subject to impeachment as to his credibility, Banning v. United States, 6 Cir., 130 F.2d 330, and, further, for the purposes of such impeachment, it is competent to show his previous convictions of felonies, Henderson v. United States, 6 Cir., 202 F.2d 400, at 406, and the cases there cited. Additionally, the record shows that a member of the State police, Leonard Lotrick, when on the stand as a Government witness, testified that the appellant was asked his name, which he told him, and gave his address as 24 Cumberland Street, Steelton, and when asked whether that was his present address, he answered, "No. The last ten years was in the West Virginia Penitentiary, imprisonment, * * *". At the close of Lotrick's testimony, appellant's court-appointed counsel approached the bench and asked that the answer which the appellant allegedly gave to Lotrick be read to him and the reporter read what the officer testified the appellant had said about the last ten years in the West Virginia Penitentiary. The record discloses no objection on the part of counsel, but the court, of its own motion, stated, "It's all right. I will overrule the objection. Go ahead." When the appellant took the stand, Government counsel was cautious to frame the questions to appellant in the proper way by asking him as to specific convictions limited to felonies. Henderson v. United States, supra, at pp. 405 and 406, and cases therein cited.

In the charge of the court, the jury was told that it was their province to properly limit the questions posed the appellant as to his previous convictions solely to discredit his truthfulness and were only to be considered as such and not in any wise, weighed in the balance as to his guilt or innocence of the offense with which he had been charged.

We cannot here say that the admission made by the defendant-appellant was induced or suggested by any gimmick,

trickery or artifice, as he volunteered the answer freely and with no coercion whatsoever from the police. In the light of these facts, we cannot say that the question of the police, as to his residence, which brought forth his reply as to his imprisonment, was contrived to induce him to make the statement he did and, with this consideration in mind, it cannot be construed in any way as detrimental to his position by way of causing him to take the stand in his own defense. We can see no error in this record and, accordingly, the judgment of the lower court is affirmed.